1
2
3
4
5
6
7        UNITED STATES DISTRICT COURT
8            EASTERN DISTRICT OF CALIFORNIA
9
10   JESSE MARTINEZ,                        1:08-cv-00874-OWW-MJS (HC)
11                    Petitioner,           ORDER DECLINING TO ISSUE STAY
                                            PENDING APPEAL
12        v.
                                            [Doc. 26]
13   JAMES HARTLEY, Warden,
14                    Respondent.
15   _____/
16        Petitioner challenged the denial of a parole date through this habeas corpus proceeding. On

17   September 20, 2010, the Court adopted in part and revised in part the Magistrate Judge's Findings

18   and Recommendation and granted Petitioner's writ of habeas corpus. The Court reviewed the denial

19   of a parole date, determined that the decision was not supported by "some evidence," and ordered

20   the California Board of Parole Hearings ("BPH") to immediately release Petitioner on parole

21   pursuant to applicable California Law. (See Order, ECF No. 23.) On September 22, 2010,

22   Respondent requested that the Court issue a stay pursuant to Federal Rule of Civil Procedure 62(c),

23   or, alternatively issue a temporary stay in order to allow time for Respondent to seek a stay in the

24   Ninth Circuit.[1] (See Mot. to Stay, ECF No. 26.) On the same day, Respondent appealed to the Ninth

25   Circuit. On October 1, 2010, the Ninth Circuit issued a temporary stay of the order granting the

26

27        [1]It is noted that Respondent states in the caption of the motion to stay that a ruling is requested by
     September 27, 2010. In order to ensure that the Court addresses and rules on a motion on short notice, the party must
28   apply to submit the motion on shortened time. See Fed. R. Civ. P. 6; Local Rule 144.

1  petition for habeas corpus pending disposition of the motion to stay proceeding before the Ninth

2  Circuit. (Ninth Circuit Order, ECF No. 29.)

3      Respondent argues that a stay should be issued because: (1) it has a strong likelihood of

4  success on appeal because this impermissibly utilized California's "some evidence" standard in

5  evaluating the petition; (2) a stay would not substantially injure Petitioner because he has an

6  indeterminate life sentence; (3) Respondent would be irreparably harmed because issuance of a

7  parole date interferes with the state's administration of its criminal justice system; and (4) the public

8  has an interest in ensuring that decisions by the Governor of California remain undisturbed.

9      I.   **LEGAL STANDARD**

10     Through Federal Rule of Civil Procedure 62(c), a district court "retains jurisdiction during

11 the pendency of an appeal to act to preserve the status quo." Natural Res. Def. Council, Inc. v.

12 Southwest Marine, Inc., 242 F.3d 1163, 1166 (9th Cir. 2001). "Rule 62(c) does not restore

13 jurisdiction to the district court to adjudicate anew the merits of the case," and the "district court's

14 exercise of jurisdiction should not materially alter the status of the case on appeal." Mayweathers v.

15 Newland, 258 F.3d 930, 935 (9th Cir. 2001); Southwest Marine, 242 F.3d at 1166. In relevant part,

16 Rule 62© reads:

17         © Injunction Pending Appeal. When an appeal is taken from an
           interlocutory or final judgment granting, dissolving, or denying an
18         injunction, the court in its discretion may suspend, modify, restore, or
           grant an injunction during the pendency of the appeal upon such
19         terms as to bond or otherwise as it considers proper for the security
           of the rights of the adverse party. . . .
20
   Fed. R. Civ. P. 62©.
21

22     "A party seeking a stay of a lower court's order bears a difficult burden." United States v.

23 Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc., 44 F.3d 1082, 1084 (2d Cir. 1994). District

24 courts consider four factors in ruling on Rule 62© motions: "(1) whether the stay applicant has made

25 a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be

26 irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other

27 parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481

28 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987); United States v. 1020 Elect. Gambling

1 Mach., 38 F.Supp.2d 1219, 1220 (E.D. Wash. 1999); Overstreet ex rel. NLRB v. Thomas Davis

2 Medical Ctrs., P.C., 978 F. Supp. 1313, 1314 (D. Ariz. 1997); Texaco Ref. & Mktg. v. Davis, 819

3 F.Supp. 1485, 1486 (D. Or. 1993); Miller v. Carlson, 768 F.Supp. 1341, 1342 (C.D. Cal. 1991).

4 "This standard for evaluating the desirability of a stay pending appeal is quite similar to that which

5 the Court employ[s] in deciding to grant [a] preliminary injunction." Miller, 768 F.Supp. at 1342

6 (citing Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983)). With respect to irreparable injury,

7 speculative injury does not constitute irreparable injury. See Goldie's Bookstore v. Superior Ct., 739

8 F.2d 466, 472 (9th Cir. 1984). Rather, a plaintiff must demonstrate immediate threatened injury as

9 a prerequisite to preliminary injunctive relief. See Caribbean Marine Services Co. v. Baldrige, 844

10 F.2d 668, 674 (9th Cir. 1988). In evaluating the harm that will occur depending upon whether the

11 stay is granted, a court may consider: "(1) the substantiality of the injury alleged; (2) the likelihood

12 of its occurrence; and (3) the adequacy of the proof provided." Michigan Coalition of Radioactive

13 Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991).

14 **II.    DISCUSSION**

15    After reviewing the *Hilton* factors, the Court does not believe that a stay is appropriate.

16 Respondent has not made a sufficient showing that it is likely to succeed on appeal, has not

17 sufficiently shown irreparable injury, has not sufficiently shown that Petitioner will not be harmed,

18 and has not sufficiently shown that the public interest clearly lies in favor of a stay, such that a stay

19 should issue. Respondent has not adequately met its "difficult burden" of showing that a stay of this

20 Court's order is necessary. See Hilton, 481 U.S. at 776; Private Sanitation, 44 F.3d at 1084.

21    Furthermore, Respondent's alterative request for a temporary stay has been rendered moot

22 by the Ninth Circuit's order granting a temporary stay. (ECF No. 29.)

23    Accordingly, IT IS HEREBY ORDERED that Respondent's motion to stay is DENIED.

24 IT IS SO ORDERED.

25 **Dated:    October 5, 2010**                     **/s/ Oliver W. Wanger**
                                                    UNITED STATES DISTRICT JUDGE

26

27

28